KEN E. BAILEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bailey v. Commissioner
Docket No. 10693-76.
United States Tax Court
T.C. Memo 1980-173; 1980 Tax Ct. Memo LEXIS 412; 40 T.C.M. (CCH) 347; T.C.M. (RIA) 80173; May 15, 1980, Filed Ken E. Bailey, pro se. James J. Posedel, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION
*413 FAY, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
1970
$ 899.00
$ 449.50
1971
1,866.84
933.42
1972
2,862.26
1,431.13
1973
3,489.96
1,744.98
Respondent's statutory notice was mailed to Ken E. Bailey (hereinafter petitioner) on September 7, 1976.In his petition filed December 9, 1976, petitioner asserted a number of "tax protestor" arguments without any factual support. [2] Respondent filed his answer on January 26, 1977, in which he offered factual support for his assertion of the section 6653(b) fraud penalty. During much of 1977 petitioner attempted to have respondent answer interrogatories prior to an informal meeting with respondent contrary to Rule 70(a)(1) of the Tax Court Rules of Practice and Procedure.[3]
*414 When petitioner was notified that his case was set for trial on January 30, 1978, in Portland, Ore., he filed a Motion for Extension of Time for Trial Date in which he requested a nine month delay because his discovery efforts were not complete. The Court denied this motion on December 9, 1977. On January 10, 1978, respondent amended his answer to claim that if the Court found no fraud then in the alternative petitioner was liable for the additions to tax under section 6651(a) and section 6653(a). Petitioner's case was called at the Court's session in Portland on January 30, 1978. At that time, petitioner renewed his motion for a continuance. Although Judge Sterrett granted petitioner's motion, he informed petitioner that numerous courts have held time after time that constitutional arguments such as petitioner's were frivolous. Judge Sterrett also advised petitioner that a motion by respondent to dismiss for failure to prosecute would be appropriate if petitioner failed to present any evidence or valid defenses in support of his position. In addition, at this hearing respondent conceded the section 6653(b) fraud penalty. This case was next heard by Judge Wiles in Portland *415 on December 11, 1978. Petitioner appeared in court with his books and records. However, no trial was held because respondent informed Judge Wiles that a basis for settlement had been reached. Thereafter, respondent prepared the settlement documents and mailed them to petitioner on January 4, 1979. Petitioner however refused to execute the settlement documents claiming that the respondent's computations were in error. Further attempts by respondent to reach a settlement with petitioner failed. Accordingly, this case was restored to the general trial docket and petitioner was notified that trial was scheduled for December 17, 1979, in Portland. On December 17, 1979, when petitioner's case was called, he appeared before Judge Fay and filed a "Motion for Order Disqualifying Judge Fay by Reason of Prejudice and Assignment of Case for Trial to an Impartial Judge or Tribunal." This motion was denied in open court. [4] Petitioner also filed with the Court a "Petition for Redress" in which he argued that the United States Tax Court was unconstitutional and therefore had no jurisdiction over his case. The Court explained to petitioner that this argument was without merit [5] and that *416 by filing a petition he submitted himself to the jurisdiction of the Tax Court and having done so, he was subject to the rules of this Court. There was no stipulation of facts filed by the parties in this case. Prior to trial, the Court sent petitioner a letter dated November 15, 1979, in which petitioner was informed that under Rule 91(a) of the Tax Court Rules of Practice and Procedure, he was required to stipulate facts to the fullest extent possible. In spite of this admonition, petitioner rejected respondent's proposed stipulations and offered none of his own. During the course of this proceeding, the Court offered petitioner numerous opportunities to present evidence in support of *417 his position but he failed to do so. When it became clear that petitioner was not going to offer any evidence, respondent made an oral motion to dismiss the case for lack of prosecution with respect to the deficiencies for 1971, 1972, and 1973. [6] Because petitioner failed to comply with the rules of this Court and because he failed to introduce any evidence to carry his burden of proof, we granted respondent's motion to dismiss with respect only to the deficiencies as opposed to the additions to tax for the years 1971, 1972, and 1973. Thus, because respondent conceded the issue of fraud under section 6653(b), the only issues remaining for our decision are those raised by respondent's amended answer, i.e., whether petitioner is liable for the additions to tax under section 6651(a)(1) and section 6653(a). FINDINGS OF FACT Petitioner resided in Klamath Falls, Ore., at the time of filing his petition herein. Petitioner filed a complete and *418 properly executed Federal income tax return for the year 1970. For the year 1971, petitioner filed a Form 1040, U.S. Individual Income Tax Return, on which he wrote his name, address, and social security number. In the space provided for wages he wrote "unknown." He crossed out the words "Under penalty of perjury" and then signed his name. In a letter dated September 12, 1972, the Director of the Internal Revenue Service Center, Western Region, notified petitioner that the Form 1040 he filed for the year 1971 did not contain the information required by law and did not comply with the Internal Revenue Code. The letter also explained that there was a criminal penalty for failing to comply with the statutory requirements, and section 7203 was set out in full. [7]
*419 Petitioner filed no returns for the years 1972 and 1973. Petitioner had more than $600 in gross income for each of the years 1971, 1972, and 1973. OPINION The first issue for decision is whether petitioner is liable for an addition to tax under section 6651(a)(1). Section 6651(a)(1) generally provides for an addition to tax upon the failure to timely file a return unless "such failure is due to reasonable cause and not due to willful neglect." This addition is 5 percent of the amount of tax required to be shown on the return for each month during which the return remains unfiled up to a maximum of 25 percent. Because petitioner's gross income exceeded $600 for each of the years 1971, 1972, and 1973, he was required to file a return.Secs. 6001, 6012. The Form 1040 as filed by petitioner for 1971 did not constitute a return within the meaning of the statute inasmuch as it contained no "information relating to the taxpayer's income from which the tax can be computed." United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without published *420 opinion 559 F.2d 1207 (3d Cir. 1977). In short, petitioner has not filed returns for the years 1971, 1972, and 1973, and there is sufficient evidence in the record to support respondent's assertion that petitioner was well aware of his obligation to file returns and that no "reasonable cause" existed for his failure to so file. We must therefore sustain respondent's determination with respect to the section 6651(a)(1) addition, and, since petitioner failed to file returns for 1971, 1972, and 1973, he is subject to the maximum penalty of 25 percent imposed by section 6651(a)(1) for each of these years.
The second issue is whether petitioner is liable for the section 6653(a) addition to tax. Section 6653(a) imposes a 5 percent addition to tax if any part of a deficiency in tax is due to "negligence or intentional disregard of rules and regulations." The amount of the addition is 5 percent of the deficiency. From an examination of the record, it is clear that the deficiencies in tax were the result of petitioner's intentional disregard of rules and regulations including the requirement that he file proper returns. Thus, the evidence in the record supports the respondent's *421 determination with respect to the section 6653(a) addition to tax and the determination is therefore sustained. To reflect concessions and the foregoing, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Petitioner argued that respondent's assessment was arbitrary and capricious, that respondent's rules and regulations were unconstitutional, and that petitioner did not earn "dollars" as defined in the United States Constitution. ↩
3. Rule 70(a)(1), Tax Court Rules of Practice and Procedure↩, states that the parties are expected to communicate informally before utilizing discovery procedures.
4. See Laird v. Tatum,409 U.S. 824 (1972) (memorandum of J. Rehnquist); United States v. Kelly,556 F.2d 257, 262-263 (5th Cir. 1977), cert. denied 434 U.S. 1017 (1978); Neil v. United States,205 F.2d 121, 125↩ (9th Cir. 1953). 5. See e.g. Nash Miami Motors, Inc. v. Commissioner,358 F.2d 636, 638 (5th Cir. 1966), affg. a Memorandum Opinion of this Court, cert. denied 385 U.S. 918↩ (1966).
6. At trial, respondent conceded that petitioner was not liable for any deficiency for the year 1970 and, he reduced the remaining deficiencies to the foillowing amounts: ↩
1971
$1,301.93
1972
1,868.37
1973
316.91
7. SEC. 7203. WILLFUL FAILURE TO FILE RETURN, SUPPLY INFORMATION, OR PAY TAX.
Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.↩